Erik Petersen (Wyo. Bar No. 7-5608)
Senior Assistant Attorney General
Elizabeth Morrisseau (Wyo. Bar No. 7-5307)
Assistant Attorney General
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, WY 82002
Ph: (307) 777-6946
erik.petersen@wyo.gov
elizabeth.morrisseau@wyo.gov
*Attorneys for Petitioner State of Wyoming*

Brandon L. Jensen (Wyo. Bar No. 6-3464)
BUDD-FALEN LAW OFFICES, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003-0346
Ph: (307) 632-5105
brandon@buddfalen.com

Timothy C. Fox, Montana Attorney General
Alan L. Joscelyn, Chief Deputy Attorney General
Tommy H. Butler, Deputy Attorney General
Montana Dept. of Justice
215 North Sanders
Post Office Box 201401
Helena, Montana  59620-1401
Ph: (406) 444-0662
timothyfox@mt.gov
alanjoscelyn@mt.gov
tommybutler@mt.gov
*Attorneys for Petitioner State of Montana*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2016 NOV 18 AM 11:38
STEPHAN HARRIS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STATE OF WYOMING and STATE OF MONTANA | ) ) ) |
| Petitioners, | ) ) |
| v. | ) ) Civil No. 16-CV-285-S |
| UNITED STATES DEPARTMENT OF THE INTERIOR; SALLY JEWELL, in her official capacity as Secretary of the Interior; UNITED STATES BUREAU OF LAND MANAGEMENT; and NEIL KORNZE, in his official capacity as Director of the Bureau of Land Management | ) ) ) ) ) ) ) ) |
| Respondents. | ) ) |

### PETITION FOR REVIEW OF FINAL AGENCY ACTION

The State of Wyoming and the State of Montana petition the Court for review of the final agency action of the United States Department of the Interior, Interior Secretary Sally Jewell, the Bureau of Land Management, and Bureau Director Neil Kornze (collectively the Bureau) in promulgating the methane rule published in the Federal Register on November 18, 2016. *See* Waste Prevention, Production Subject to Royalties, and Resource Conservation. 81 Fed. Reg. 83008. (Nov. 18, 2016). The Bureau's rule is a blatant attempt by a land management agency to impose air quality regulations on existing oil and gas operations under the guise of waste prevention. Congress specifically delegated authority to regulate air pollution to the United States Environmental Protection Agency (EPA) and the states because they are in the best position to regulate air quality matters. The Bureau's rule conflicts with the Clean Air Act and unlawfully interferes with Wyoming and Montana air quality regulations. The Bureau does not have the authority, much less the agency expertise, to impose the air quality control requirements promulgated in the final rule.

1. This Court has jurisdiction over this Petition under 28 U.S.C. § 1331 because the claims presented arise under federal law.

2. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(C) because Petitioner State of Wyoming resides within the District of Wyoming.

3. The promulgation of the methane rule is a final agency action subject to appellate review in this Court. 5 U.S.C. § 702; *see also Olenhouse v. Commodity Credit Corp.,* 42 F.3d 1560, 1580 (10th Cir. 1994); U.S.D.C.L.R. 83.6(a)(1).

4. The Administrative Procedure Act requires courts to hold unlawful and set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). Additionally, the Administrative Procedure Act requires courts to

hold unlawful and set aside agency action found to be in excess of statutory jurisdiction, authority, or limitation, or short of statutory right. *Id.* § 706(2)(C).

5. "A federal agency is a creature of statute and derives its existence, authority and power from Congress alone. It has no constitutional or common law existence or authority outside that expressly conveyed to it by Congress. In the absence of authority, then, an administrative agency has none." *Wyoming v. Dep't. of the Interior*, No. 15-cv-043, 2016 WL 3509415, *12 (D. Wyo. June 21, 2016) (citations omitted). The Bureau claims authority for the methane rule from general language found in the Federal Land Policy and Management Act (FLPMA), 43 U.S.C. §§ 1701-1787 the Federal Oil and Gas Royalty Management Act (FOGRMA), 30 U.S.C. §§ 1701-1759, and the Mineral Leasing Act (MLA), 30 U.S.C. §§ 188-287. 81 Fed. Reg. at 83019. However, those statutes do not evidence any Congressional intent that the Bureau should develop and implement air quality regulations like those issued in the methane rule. Rather, the MLA and FOGRMA authorize the Bureau to oversee mineral leasing on federal land, including by assessing royalties and preventing the waste of federal mineral resources. 43 U.S.C. §§ 1701-1787; 30 U.S.C. §§ 1701-1759.

7. The Bureau's rule assumes that every oil and gas operation on a federal lease emits nothing but federal minerals, as opposed to a mix of constituents that may or may not include federal minerals. It is arbitrary and capricious for the Bureau to categorize its total control of all emissions under the guise of "waste minimization." Congress has not delegated authority to the Bureau to regulate emissions, much less emissions that are not federal minerals.

8. Even if some emissions do contain federal minerals, there is no difference between wasting the federal minerals through flaring and wasting them through venting. A distinction between flaring the federal minerals and venting the federal minerals, as described in this rule,

3

matters only for air quality regulation. MLA and FOGRMA do not authorize the Bureau to regulate air quality. The Bureau's attempt in the final rule to develop a complex flaring averaging system does not transform the act of burning air emissions into a "waste minimization" mechanism. 81 Fed. Reg. at 83037.

9. FLPMA authorizes the Bureau to ensure there is no undue degradation of public lands. 43 U.S.C. § 1732(b). In order to avoid undue degradation of the public lands from air pollution, the Bureau's surface management regulations require owners and operators to comply with state and federal air quality laws and regulations. 43 C.F.R. § 3809.420(b)(4).

10. State and federal air quality laws and regulations are developed under the Clean Air Act through a cooperative federalism system in which states and the EPA work together to control air pollution. 42 U.S.C. § 7401. The Clean Air Act does not give the Bureau authority to participate in this process.

11. The Bureau's final rule does not comport with the Administrative Procedure Act because it extends into jurisdictional territory Congress specifically carved out for the EPA and the states. 5 U.S.C. § 706(2)(C). In the Clean Air Act, Congress specifically delegated to the EPA the authority to control emissions from new and existing oil and gas production facilities. 42 U.S.C. § 7411. Thus, the EPA already regulates emissions of volatile organic compounds, sulfur dioxide, and methane from new and modified oil and gas production facilities. 40 C.F.R. §§ 60.5360-60.5430 and 60.5360a-60.5432a The Bureau's final rule attempts to step into the EPA's shoes to regulate existing facilities, even though the EPA is currently working on a rule to regulate existing facilities. Oil and Natural Gas Sector: Request for Information, Emerging Technologies. 81 Fed. Reg. 46670 (July 18, 2016).

12. The Bureau's final rule is arbitrary, capricious, and exceeds the Bureau's authority under FLPMA because the rules establish air quality control methods that conflict with those already established by the EPA and the states under the Clean Air Act. In doing so, the Bureau's final rule unlawfully interferes with Wyoming and Montana's air quality pollution control regimes and also unlawfully conflicts with Wyoming and Montana's state implementation plans. Both Wyoming and Montana regulate venting and flaring. *Rules Wyo. Oil and Gas Conserv. Comm'n*, ch. 3, § 39; *Rules Mont. Dep't Natural Res. and Conserv.*, ch. 36.22 §§ 1216-1221. Both Wyoming and Montana regulate air emissions from oil and gas production facilities through robust permitting processes that are incorporated into each state's federally enforceable State Implementation Plan. *Rules Wyo. Dep't of Envtl. Quality, Air Quality*, ch. 6, § 2; 40 C.F.R. § 52.2620, subpart ZZ; *Rules Mont. Dep't of Envtl. Quality, Air Quality*, ch. 17.8, §§ 1601-1606 and 1710-1713; 40 C.F.R. § 52.1370, subpart BB.

14. Finally, the Bureau's rule unlawfully attempts to take over regulation of state leases when state and federal tracts are combined through communitization agreements. 43 C.F.R. § 3217.11. This directly conflicts with the States' right to be the primary authority over state minerals. Whatever limited statutory authority Congress gave to the Bureau to regulate federal minerals, it did not authorize the Bureau to take over the regulation of state mineral leases from the states.

15. For these and other reasons that will be more fully detailed in the States' merits briefs, the Bureau's methane rule must be set aside.

Petitioners request that this Court:

A.   Declare that the Respondents, in promulgating the Bureau's methane rule, acted in excess of their statutory authority, 5 U.S.C. § 706(2)(A), 43 U.S.C. §§ 1701-87, 30 U.S.C. §§ 1701-1759, 30 U.S.C. §§ 188-287;

B.   Set aside and vacate the Bureau's methane rule;

C.   Enter other temporary, preliminary, or permanent injunctive relief as the Petitioners may hereafter specifically seek; and

D.   Grant Petitioners such additional relief as the Court deems just and proper to remedy Respondents' violations of law and protect Petitioners' interests.

Submitted this 18th day of November, 2016.

FOR THE STATE OF WYOMING

_____
Erik Petersen, Wyo. Bar No. 7-5608
Senior Assistant Attorney General
Elizabeth Morrisseau, Wyo. Bar No. 7-5307
Assistant Attorney General
Wyoming Attorney General's Office
2320 Capitol Ave.
Cheyenne, Wyoming 82002
(307) 777-6946
erik.petersen@wyo.gov
elizabeth.morrisseau@wyo.gov

*Attorneys for Petitioner State of Wyoming*

FOR THE STATE OF MONTANA

_____
Brandon L. Jensen (Wyo. Bar No. 6-3464)
BUDD-FALEN LAW OFFICES, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003-0346
(307) 632-5105 Telephone
(307) 637-3891 Facsimile
brandon@buddfalen.com

Timothy C. Fox, Montana Attorney General
Alan L. Joscelyn, Chief Deputy Attorney General
Tommy H. Butler, Deputy Attorney General
Montana Dept. of Justice
215 North Sanders
Post Office Box 201401
Helena, Montana 59620-1401
(406) 444-0662 Telephone
timothyfox@mt.gov
alanjoscelyn@mt.gov
tommybutler@mt.gov

*Attorneys for Petitioner State of Montana*