Lisa McGee, WY Bar No. 6-4043
Wyoming Outdoor Council
262 Lincoln Street
Lander, WY 82520
(307) 332-7031
lisa@wyomingoutdoorcouncil.org

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

| | |
|---|---|
| STATE OF WYOMING, et al. ) | |
| ) | |
| Petitioners, ) | |
| ) | Civil Case No. 2:16-cv-00285-SWS [Lead] |
| v. ) | |
| ) | [Consolidated With 2:16-cv-00280-SWS] |
| UNITED STATES DEPARTMENT OF ) | |
| THE INTERIOR, et al. ) | Assigned: Hon. Scott W. Skavdahl |
| ) | |
| Respondents, ) | **MEMORANDUM IN SUPPORT OF** |
| ) | **CITIZEN GROUPS' MOTION TO** |
| and ) | **INTERVENE AS RESPONDENTS** |
| ) | |
| WYOMING OUTDOOR COUNCIL, ) | |
| CENTER FOR BIOLOGICAL ) | |
| DIVERSITY, CITIZENS FOR A ) | |
| HEALTHY COMMUNITY, DINÉ ) | |
| CITIZENS AGAINST RUINING OUR ) | |
| ENVIRONMENT, ENVIRONMENTAL ) | |
| DEFENSE FUND, ENVIRONMENTAL ) | |
| LAW AND POLICY CENTER, ) | |
| MONTANA ENVIRONMENTAL ) | |
| INFORMATION CENTER, NATIONAL ) | |
| WILDLIFE FEDERATION, NATURAL ) | |
| RESOURCES DEFENSE COUNCIL, SAN ) | |
| JUAN CITIZENS ALLIANCE, SIERRA ) | |
| CLUB, THE WILDERNESS SOCIETY, ) | |
| WESTERN ORGANIZATION OF ) | |
| RESOURCE COUNCILS, WILDERNESS ) | |
| WORKSHOP, AND WILDEARTH ) | |
| GUARDIANS. ) | |
| ) | |
| Applicants for Intervention. ) | |

## INTRODUCTION

This case challenges the legality of Bureau of Land Management's ("BLM") recently promulgated Waste Prevention, Production Subject to Royalties, and Resource Conservation Rule ("Waste Prevention Rule" or "Rule"). 81 Fed. Reg. 83,008 (Nov. 18, 2016). Oil and gas development on federal and Indian leases contributes significantly to our nation's oil and gas supplies. *Id.* at 83,009. However, operators are wasting large quantities of natural gas in developing these resources. Lessees wasted over 462 billion cubic feet ("bcf") of natural gas on public and tribal lands between 2009 and 2015—enough gas to serve about 6.2 million households for a year. *Id.* As a result of this waste, States, Tribes and federal taxpayers are losing millions of dollars annually in royalty revenue that could be used to fund schools, health care, and infrastructure. *Id.* at 83,014, 83,069. The Rule addresses this problem by requiring oil and gas operators to take low-cost, proven measures to reduce natural gas waste from venting, flaring, and leaks. *Id.* at 83,009. BLM estimates that the Rule will conserve up to 41 bcf of natural gas and produce up to $14 million in royalties per year. *Id.* at 83,014.

Because wasted natural gas is comprised largely of methane—a powerful greenhouse gas—the Rule will also help to reduce the significant climate impacts of oil and gas development on federal and Indian leases. *Id.* at 83,009. Additionally, the Rule will benefit communities suffering the impacts of such development by reducing emissions of smog-forming compounds and carcinogens like benzene and limiting the use of noisy and unsightly flares. *Id.* at 83,009, 83,014, 83,049. BLM estimates that the Rule could have net benefits of up to $204 million per year. *Id.* at 83,013.

Petitioners Western Energy Alliance, Independent Petroleum Association of America, and the States of Wyoming, Montana and North Dakota (collectively, "Petitioners") seek to

invalidate the Waste Prevention Rule.  Wyoming Outdoor Council et al. (collectively, the "Citizen Groups") seek intervention to defend the Rule and the conservation, environmental, health and safety benefits it provides their members.

## ARGUMENT

**I.     THE CITIZEN GROUPS ARE ENTITLED TO INTERVENE AS OF RIGHT.**

Under Federal Rule of Civil Procedure 24(a), a movant is entitled to intervene as of right if: (1) the motion is "timely"; (2) the movant "claims an interest relating to the property or transaction that is the subject of the action"; (3) "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest"; and (4) that interest is not "adequately represent[ed]" by existing parties.  Fed. R. Civ. P. 24(a)(2); Local Rule 83.6(e).

The Tenth Circuit follows "a somewhat liberal line in allowing intervention." *WildEarth Guardians v. Nat'l Park Serv.* (*Nat'l Park Serv.*), 604 F.3d 1192, 1198 (10th Cir. 2010) (quoting *WildEarth Guardians v. U.S. Forest Serv.* (*U.S. Forest Serv.*), 573 F.3d 992, 995 (10th Cir. 2009)).  The court has explained that the Rule 24 factors are "not rigid, technical requirements." *San Juan Cty. v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007) (en banc).  Rule 24(a) was intended to "expand the circumstances" in which intervention as of right would be allowed, and thus the principal focus is on "the practical effect of litigation on a prospective intervenor rather than legal technicalities." *Id.* at 1188.  The Citizen Groups satisfy each of Rule 24(a)'s requirements and are entitled to intervene in this action as of right.

**A.     The Motion to Intervene is Timely.**

A motion to intervene under Rule 24(a) must be timely.  Timeliness is determined "in light of all the circumstances," principally "the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence

of any unusual circumstances." *Utah Ass'n of Ctys. v. Clinton* (*UAC*), 255 F.3d 1246, 1250 (10th Cir. 2001) (quoting *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984)). Where no prejudice would result, intervention is favored. *See id.* at 1050–51.

The Citizen Groups' motion is timely. BLM issued a pre-publication version of the Waste Prevention Rule on November 15, 2016, and the Rule was published in the Federal Register on November 18, 2016. Petitioners Western Energy Alliance and Independent Petroleum Association of America filed their Petition for Review on November 15; the States of Wyoming and Montana filed their Petition for Review on November 18; and the State of North Dakota moved to intervene as a Petitioner on November 23. On November 30, the Court consolidated the cases and set a briefing schedule for preliminary injunction motions. Meanwhile, Citizen Groups moved swiftly to coordinate among numerous organizations and submit this motion less than three weeks after Petitioners' initial filings and only two days after consolidation. The Citizen Groups' intervention at this early stage will not prejudice the existing parties: the groups plan to file joint briefs and will comply with the existing briefing schedule. This motion is therefore timely.

**B.     The Citizen Groups Have an Interest in the Subject Matter of this Litigation.**

To intervene as of right under Rule 24(a), the movant must demonstrate "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a); *Nat'l Park Serv.*, 604 F.3d at 1198. "The movant's claimed interest is measured in terms of its relationship to the property or transaction that is the subject of the action, not in terms of the particular issue before the district court." *Nat'l Park Serv.*, 604 F.3d at 1198. "With respect to Rule 24(a)(2), [the Tenth Circuit has] declared it 'indisputable' that a prospective intervenor's environmental concern is a legally protectable interest." *Id.* In addition, when litigation raises

3

an issue of significant public interest—rather than solely private rights—"the requirements for intervention may be relaxed." *San Juan Cty.*, 503 F.3d at 1201.  The Citizen Groups have multiple interests in the Rule that meet the standard for intervention in this case.

### 1.     The Citizen Groups Have Long Advocated for Waste Prevention Measures.

The Citizen Groups have an interest in this litigation because they worked extensively to support promulgation of a waste prevention rule.  "A public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported." *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995); *see also N.M. Off-Highway Vehicle All. v. U.S. Forest Serv.*, 540 F. App'x 877, 880 (10th Cir. 2013) (holding environmental groups that had submitted comments and appealed the challenged plan "easily" demonstrated an interest sufficient to support intervention as of right); *Coal. of Ariz./N.M Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 841 (10th Cir. 1996) (holding a party with a "persistent record of advocacy" for an environmental protection adopted by an agency has a "direct and substantial interest" in defending its adoption in subsequent litigation).

The Citizen Groups urged BLM to update and strengthen its regulations regarding prevention of waste for many years.[1]  They submitted numerous comment letters on the proposed rule, testified at public hearings and tribal consultation sessions during the scoping process, prepared expert reports, and met repeatedly with agency officials.[2]  Because Petitioners attack

---

[1] *See* Decl. of John Stith ¶ 7, attached as Ex. 1; Decl. of Meleah A. Geertsma ¶¶ 3–4, attached as Ex. 2; Decl. of Lena Moffitt ¶¶ 9, 11, attached as Ex. 3; Decl. of Nada Culver ¶ 6, attached as Ex. 4; Decl. of Sara Kendall ¶¶ 8–9, attached as Ex. 5; Decl. of Michael A. Saul ¶¶ 5–8, attached as Ex. 6; Decl. of Mini Schmitz ¶¶ 3–4, attached as Ex. 7.
[2] *See* Stith Decl. ¶ 7 (Ex. 1); Geertsma Decl. ¶¶ 3–4 (Ex. 2); Moffitt Decl. ¶¶ 9, 11 (Ex. 3); Culver Decl. ¶ 6 (Ex. 4); Kendall Decl. ¶¶ 8–9 (Ex. 5); Saul Decl. ¶¶ 5–8 (Ex. 6); Schmitz Decl. ¶¶ 3–4 (Ex. 7).

the Rule that resulted from these intensive and years-long efforts, the Citizen Groups' have a sufficient interest to support intervention as of right.

        **2.     The Waste Prevention Rule Will Benefit the Interests of the Citizen Groups and Their Members and Staff.**

In addition to their history of advocacy, the Citizen Groups have an interest in protecting public lands, the environment, and their members' health and safety from the impacts of oil and gas operations, and in ensuring that such operations do not result in waste of a public resource. It is "indisputable" that a movant's environmental concerns represent a legally-protectable interest sufficient to support intervention. *Nat'l Park Serv.*, 604 F.3d at 1198; *see also N.M. Off-Highway Vehicle All.*, 540 F. App'x at 880 (finding a sufficient interest where groups' "staff, members, and volunteers regularly enjoy the forest for recreation and aesthetic reasons").

The Citizen Groups' members and staff live and work on and near public and tribal lands impacted by venting, flaring, and leakage.[3] They also enjoy hiking, camping, fishing, nature photography, and viewing cultural artifacts on or near public lands where venting and flaring is common.[4] The Rule will reduce the harmful impacts of oil and gas development on the Citizen Groups' members and staff.

---

[3] *See* Moffitt Decl. ¶ 6 (Ex. 3); Kendall Decl. ¶ 4 (Ex. 5); Saul Decl. ¶¶ 11–12, 15 (Ex. 6); Decl. of Christopher Merrill ¶¶ 4–5, attached as Ex. 8; Decl. of Francis Don Schreiber ¶¶ 2, 5–6, attached as Ex. 9; Decl. of Judith J. Fox-Perry ¶¶ 1–2, attached as Ex. 10; Decl. of Wade Sikorski ¶¶ 2, 7–10, attached as Ex. 11; Decl. of Peter Hart ¶ 3, attached as Ex. 12; Decl. of Michael Eisenfeld ¶¶ 4–6, attached as Ex. 13; Decl. of James Murphy ¶ 4, attached as Ex. 14; Decl. of Anne Hedges ¶ 4, attached as Ex. 15; Decl. of Natasha Leger, ¶¶ 3–4, 13, attached as Ex. 16; Decl. of Mary Jursinovic ¶¶ 2, 4, 9, attached as Ex. 17; Decl. of Michael L. Drake ¶¶ 2, 4, 6, attached as Ex. 18; Decl. of Treciafaye (Tweeti) Blancett ¶¶ 3, 5, attached as Ex. 19; Decl. of Gina Trujillo ¶ 8, attached as Ex. 20; Decl. of Jeremy Nichols ¶¶ 9–10, attached as Ex. 21; Decl. of Kendra Pinto ¶¶ 1, 4–6, 8, attached as Ex. 22; Decl. of Jim Brett ¶¶ 3, 8–9, attached as Ex. 23.

[4] *See* Moffitt Decl. ¶ 10 (Ex. 3); Culver Decl. ¶ 5 (Ex. 4); Saul Decl. ¶¶ 10, 12 (Ex. 6); Schmitz Decl. ¶ 6 (Ex. 7); Hart Decl. ¶ 3 (Ex. 12); Eisenfeld Decl. ¶ 6 (Ex. 13); Murphy Decl. ¶ 4 (Ex. 14); Hedges Decl. ¶ 4 (Ex. 15); Leger Decl. ¶ 4 (Ex. 16); Nichols Decl. ¶¶ 9–10, 12 (Ex. 21);

5

For example, the Rule's waste prevention measures will decrease emissions of cancer-causing pollutants and volatile organic compound emissions that lead to ozone formation—the primary component of smog. *See, e.g.,* 81 Fed. Reg. at 83,014–15. These emission reductions will improve the health of the Citizen Groups' members and staff.[5] One member who lives on a ranch in New Mexico with over one hundred BLM-managed wells on or adjacent to it described the "near-constant smell from leaking wells" and "odors [which] make breathing uncomfortable," which cause him to worry about his grandchildren's exposure to pollutants.[6] Another member who ranches in western Colorado on land adjacent to a compressor station described how, soon after the compressor station was built, juniper trees surrounding the station—"large, mature trees in their natural habitat"—"suddenly died" and were "quickly removed."[7] She worries about her children's exposure to volatile organic compounds during off-gassing from the compressor.[8] Other members are concerned about the impacts of oil and gas industry pollution on organic farms, ranches, orchards and wineries in the North Fork Valley in Colorado.[9]

Flaring reductions will benefit Citizen Groups' members and staff who contend day and night with loud flares lighting up prairies and sagebrush seas near their homes and where they

---

Decl. of Rosalie Chilcoat ¶ 4, attached as Ex. 24; Decl. of Camilla Feibelman ¶ 13, attached as Ex. 25.
[5] *See* Geertsma Decl. ¶ 5 (Ex. 2); Culver Decl. ¶ 9 (Ex. 4); Kendall Decl. ¶ 5 (Ex. 5); Saul Decl. ¶¶ 14–15, 17–18, 26–27 (Ex. 6); Merrill Decl. ¶ 9 (Ex. 8); Schreiber Decl. ¶ 14 (Ex. 9); Fox-Perry Decl. ¶ 5 (Ex. 10); Sikorski Decl. ¶¶ 13–14 (Ex. 11); Hart Decl. ¶ 4 (Ex. 12); Eisenfeld Decl. ¶¶ 4, 7, 9 (Ex. 13); Murphy Decl. ¶ 5 (Ex. 14); Hedges Decl. ¶ 5 (Ex. 15); Leger Decl. ¶¶ 5, 7 (Ex. 16); Jursinovic Decl. ¶¶ 7–8 (Ex. 17); Drake Decl. ¶ 8 (Ex. 18); Blancett Decl. ¶ 14 (Ex. 19); Nichols Decl. ¶¶ 7, 11, 13–14 (Ex. 21); Pinto Decl. ¶¶ 7–8 (Ex. 22); Brett Decl. ¶ 12 (Ex. 23); Chilcoat Decl. ¶ 5 (Ex. 24); Feibelman Decl. ¶ 15 (Ex. 25); Decl. of Lisa Deville ¶¶ 6, 7, attached as Ex. 26; Decl. of Matthew Hamilton ¶ 9, attached as Ex. 27.
[6] Schreiber Decl. ¶¶ 5, 10–11 (Ex. 9); *see also* Chilcoat Decl. ¶ 5 (Ex. 24)
[7] Fox-Perry Decl. ¶ 5 (Ex. 10).
[8] Fox-Perry Decl. ¶ 5 (Ex. 10).
[9] *See, e.g.,* Brett Decl. ¶ 12 (Ex. 23).

ranch, hike, and camp.[10] For example, one enrolled member of the Mandan, Hidatsa and Arikara Nation who lives on the Fort Berthold Reservation in North Dakota with her husband and their five children can see flares in every direction: "They sound like the roaring of jet engines, and they can light up the night sky as bright as day."[11] The Rule will help to mitigate these harms.

The Rule also will result in up to an additional $14 million in royalties accruing to the federal government annually. 81 Fed. Reg. at 83,014. Half of these royalties will be allocated to the states to spend in areas "socially or economically impacted" by mineral development for planning, public facility construction and maintenance, and public service provision. 30 U.S.C. § 191(a). Citizen Groups' members and staff living in areas impacted by oil and gas development benefit from these expenditures in their communities.[12]

These impacts demonstrate that the Citizen Groups have legally protectable interests under Rule 24. *See Nat'l Park Serv.*, 604 F.3d at 1198; *San Juan Cty.*, 503 F.3d at 1199.

### C. The Citizen Groups' Interests May Be Impaired as a Result of this Litigation.

Rule 24(a) also requires the Citizen Groups to show that the litigation "may, as a practical matter, impair or impede [their] interest." Fed. R. Civ. P. 24(a)(2); *Nat'l Park Serv.*, 604 F.3d at 1198. To meet this "minimal burden," the movant must show "only that impairment of its substantial legal interest is *possible* if intervention is denied." *Nat'l Park Serv.*, 604 F.3d at 1199 (emphasis added) (citation omitted).

---

[10] *See* Saul Decl. ¶¶ 13, 19 (Ex. 6); Schreiber Decl. ¶ 9 (Ex. 9); Fox-Perry Decl. ¶ 6 (Ex. 10); Hart Decl. ¶ 8 (Ex. 12); Eisenfeld Decl. ¶ 10 (Ex. 13); Murphy Decl. ¶ 8 (Ex. 14); Hedges Decl. ¶ 8 (Ex. 15); Leger Decl. ¶ 8 (Ex. 16); Nichols Decl. ¶¶ 11–12 (Ex. 21); Pinto Decl. ¶¶ 8, 11 (Ex. 22); Brett Decl. ¶ 12 (Ex. 23); Chilcoat Decl. ¶ 4 (Ex. 24); Deville Decl. ¶ 5 (Ex. 26).
[11] Deville Decl. ¶ 5 (Ex. 26).
[12] *See* Geertsma Decl. ¶ 5 (Ex. 2); Culver Decl. ¶¶ 5, 8 (Ex. 4); Kendall Decl. ¶ 6 (Ex. 5); Schreiber Decl. ¶ 16 (Ex. 9); Sikorski Decl. ¶ 16 (Ex. 11); Hart Decl. ¶ 9 (Ex. 12); Eisenfeld Decl. ¶ 11 (Ex. 13); Murphy Decl. ¶ 9 (Ex. 14); Hedges Decl. ¶ 9 (Ex. 15); Leger Decl. ¶ 9 (Ex. 16); Jursinovic Decl. ¶ 10 (Ex. 17); Pinto Decl. ¶ 12 (Ex. 22).

If the Petitioners succeed in this case, the benefits that the Waste Prevention Rule provides to the Citizen Groups' members will be lost. Petitioners have asked this Court to "invalidate and set aside" BLM's Waste Prevention Rule. States' Pet. for Review 2–3; Industry Pet. for Review 3. If the Rule is enjoined or set aside, the result will be increased waste of a valuable federal resource and the associated environmental, health, and safety harms.

### D.     The Citizen Groups' Interests Are Not Adequately Represented by BLM.

Rule 24(a) requires a showing that the Citizen Groups' interests may not be adequately represented by existing parties. Fed. R. Civ. P. 24(a)(2); *Nat'l Park Serv.*, 604 F.3d at 1198. To meet this "minimal burden," the movant need only show "the *possibility* that representation may be inadequate." *Nat'l Park Serv.*, 604 F.3d at 1200 (emphasis added).

The Tenth Circuit repeatedly has held that it is generally "impossible for a government agency to protect both the public's interests and the would-be intervenor's private interests." *N.M. Off-Highway Vehicle All.*, 540 F. App'x at 880; *see also Nat'l Park Serv.*, 604 F.3d at 1200; *U.S. Forest Serv.*, 573 F.3d at 996; *UAC*, 255 F.3d at 1255. Even when both entities take the same position at the outset of the litigation, "[i]n litigating on behalf of the general public, the government is obligated to consider a broad spectrum of views, many of which may conflict with the particular interest of the would-be intervenor." *N.M. Off-Highway Vehicle All.*, 540 F. App'x at 880–81 (quoting *UAC*, 255 F.3d at 1255–56). As such, the inadequacy of representation requirement is satisfied "[w]here a government agency may be placed in the position of defending both public and private interests." *Nat'l Park Serv.*, 604 F.3d at 1200.

That is the case here. BLM cannot adequately represent the Citizen Groups' focused interests in advancing conservation, environmental, and health and safety values because the agency operates under the broad statutory mandate to manage public lands for "multiple use"—a

8

standard that involves balancing both mineral extraction and environmental protection. *See* 43 U.S.C. § 1712(c)(1); *id.* § 1702(c). Indeed, BLM rejected many of the Citizen Groups' proposals to strengthen the Rule, such as imposing more stringent controls for methane and eliminating certain exceptions. *See, e.g.*, 81 Fed. Reg. at 83,031–32; 83,042, 83,050, 83,058. Because the Citizen Groups' interests are not "wholly aligned" BLM's interests, intervention is appropriate. *N.M. Off-Highway Vehicle All.*, 540 F. App'x at 881. Moreover, BLM makes no claim that it will adequately represent the Citizen Groups' interests, instead taking no position on the motion. As the Tenth Circuit has recognized, such silence is "deafening." *Id.* at 882 (citation omitted).

It is also possible that BLM could cease to defend the rule or reach a settlement that is adverse to the Citizen Groups' interests. *See id.* at 881 (finding agency did not adequately represent environmental organizations' interests because "there is no guarantee that the Forest Service's policy will not shift during litigation"); *UAC*, 255 F.3d at 1256 (granting intervention and noting that "it is not realistic to assume that the agency's programs will remain static or unaffected by unanticipated policy shifts" (quoting *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 974 (3d Cir. 1998))). The chances of a shift in agency policy are higher in a case like this one where the rule was adopted during one presidential administration but will be litigated by a new administration. *See, e.g.*, *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1107 (9th Cir. 2002) (noting George W. Bush administration stopped defending challenge to Roadless Rule promulgated by Clinton administration). The Citizen Groups cannot rely on the agency to represent their interests, and should be allowed to intervene in order to protect their interests in conservation, environmental protection, and the health and safety of their members.

Because each of the four requirements is satisfied, the Court should grant the Citizen Groups intervention as of right.

## II. ALTERNATIVELY, THIS COURT SHOULD GRANT THE CITIZEN GROUPS PERMISSIVE INTERVENTION.

In addition to qualifying for intervention as of right, the Citizen Groups satisfy the requirements for permissive intervention under Rule 24(b). Permissive intervention is appropriate where the movant demonstrates: (1) it has a claim or defense that shares a common question of law or fact with the main action; (2) the intervention will not cause undue delay or prejudice; and (3) the motion to intervene is timely. Fed. R. Civ. P. 24(b); *see also Am. Wild Horse Pres. Campaign v. Jewell*, No. 1-14-CV-152-F, 2014 WL 11462717, at *2 (D. Wyo. Aug. 19, 2014). Courts may also consider whether the intervenor will "significantly contribute to the underlying factual and legal issues." *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 801 F. Supp. 553, 572 (D. Utah 1992).

Here, the Citizen Groups intend to address the same questions of law that are at the heart of this litigation: BLM's legal authority to adopt the Waste Prevention Rule as well as the reasonableness of the measures adopted. In addition, this motion to intervene is timely and intervention will not cause undue delay or prejudice to the existing parties. *See supra* pp. 2–3. Moreover, due to their extensive involvement in the development of the Rule and their perspective as impacted parties, the Citizen Groups will significantly contribute to the underlying facts and legal issues. *See supra* pp. 4–7. As such, if the Court does not grant intervention as of right, permissive intervention is warranted.

## CONCLUSION

Because the Citizen Groups meet each of the standards under Rule 24(a), they should be permitted to intervene as of right. Alternatively, the Court should allow permissive intervention under Rule 24(b).

Respectfully submitted on December 2, 2016,

/s/ Lisa McGee
Lisa McGee, WY Bar #6-4043
Wyoming Outdoor Council
262 Lincoln Street
Lander, WY  82520
(307) 332-7031
lisa@wyomingoutdoorcouncil.org

Robin Cooley, CO Bar #31168 (*pro hac vice pending*)
Michael S. Freeman, CO Bar #30007 (*pro hac vice pending*)
Joel Minor, CO Bar #47822 (*pro hac vice pending*)
Earthjustice
633 17th Street, Suite 1600
Denver, Colorado  80202
Phone: (303) 623-9466
rcooley@earthjustice.org
mfreeman@earthjustice.org
jminor@earthjustice.org

*Attorneys for Proposed Intervenors Natural Resources Defense Council, Sierra Club, The Wilderness Society, and Western Organization of Resource Councils*

Susannah L. Weaver, DC Bar #1023021 (*pro hac vice pending*)
Donahue & Goldberg, LLP
1111 14th Street, NW, Suite 510A
Washington, DC 20005
Phone: (202) 569-3818
susannah@donahuegoldberg.com

*Attorney for Proposed Intervenor Environmental Defense Fund*

Laura King, MT Bar #13574 (*pro hac vice pending*)
Shiloh Hernandez, MT Bar #9970 (*pro hac vice pending*)
Western Environmental Law Center
103 Reeder's Alley
Helena, MT 59601
Phone; (406) 204-4852
king@westernlaw.org
hernandez@westernlaw.org

11

Erik Schlenker-Goodrich, NM Bar No.#03-196 (*pro hac vice pending*)
Western Environmental Law Center
208 Paseo del Pueblo Sur, #602
Taos, New Mexico 87571
Phone: (575) 613-4197
eriksg@westernlaw.org

*Attorneys for Proposed Intervenors Citizens for a Healthy Community, Diné Citizens Against Ruining Our Environment, Montana Environmental Information Center, National Wildlife Federation, San Juan Citizens Alliance, WildEarth Guardians, Wilderness Workshop, and Wyoming Outdoor Council*

Jennifer Cassel, IL Bar #6296047 (*pro hac vice pending*)
Rachel Granneman, IL Bar #6312936 (*pro hac vice pending*)
Environmental Law & Policy Center
35 E. Wacker Drive, Suite 1600
Chicago, IL 60601
Phone: (312) 673-6500
jcassel@elpc.org
rgranneman@elpc.org

*Attorneys for Proposed Intervenor Environmental Law & Policy Center*

Darin Schroeder, KY Bar #93282 (*pro hac vice pending*)
Ann Brewster Weeks, MA Bar #567998 (*pro hac vice pending*)
Clean Air Task Force
18 Tremont, Suite 530
Boston, MA 02108
Phone: (617) 624-0234
dschroeder@catf.us
aweeks@catf.us

*Attorneys for Proposed Intervenor National Wildlife Federation*

**CERTIFICATE OF SERVICE**

I certify that on December 2, 2016, I filed the foregoing **MEMORANDUM IN SUPPORT OF CITIZEN GROUPS' MOTION TO INTERVENE AS RESPONDENTS** using the United States District Court CM/ECF which caused all counsel of record to be served by electronically.

/s/ Lisa McGee
Lisa McGee
*Attorney for Proposed Respondent-Intervenors*
