

STATE OF NORTH DAKOTA
## OFFICE OF ATTORNEY GENERAL
STATE CAPITOL
600 E BOULEVARD AVE DEPT 125
BISMARCK, ND 58505-0040
(701) 328-2210    FAX (701) 328-2226
www.ag.nd.gov

**Wayne Stenehjem**
**ATTORNEY GENERAL**

December 2, 2016

Sally Jewell
Secretary of the Interior
U.S. Department of the Interior
1849 C Street NW
Washington, DC  20240

Neil Kornze
Director
Bureau of Land Management
1849 C Street NW Room 5665
Washington, DC  20240

Dear Secretary Jewell and Director Kornze:

On November 15, 2016, you issued a final regulation entitled "Waste Prevention, Production Subject to Royalties, and Resources Conservation" on behalf of the U.S. Department of Interior ("DOI") and the Bureau of Land Management ("BLM").  81 Fed. Reg. 83,008 (Nov. 18, 2016) ("Final Rule").  The Final Rule, which is set to go into effect on January 17, 2017, imposes new and sweeping federal requirements at oil and gas production facilities that unlawfully displace state authority.  For the reasons outlined below, we write to respectfully ask that you immediately extend the effective date of the Final Rule by at least 9 months to allow for appropriate judicial review of the Final Rule.

As you know, the Final Rule was immediately challenged in the U.S. District Court for the District of Wyoming by the States of Wyoming and Montana, *State of Wyoming, et al. v. U.S. Department of Interior, et al.*, Case No. 16-cv-00285-SWS (filed Nov. 18, 2016).  On November 23, 2016, the State of North Dakota moved to intervene, and North Dakota's intervention was granted during a status conference on November 30, 2016.  For purposes of this letter, the three states will be referred to as "State Petitioners."

Although the State Petitioners promptly filed their actions challenging the Final Rule, it will necessarily take some time for the District Court to resolve the merits of the State Petitioners' case.  The DOI and BLM must first lodge and serve the administrative record.  The parties then will have some time from the lodging of the administrative record to complete briefing on the merits.  Once briefing has been completed, the District Court will likely schedule a hearing.  Even under a fairly aggressive schedule, the pending challenges will likely not be fully briefed and argued for at least 9 months.

Under the January 17, 2017, implementation schedule set by the DOI and BLM, the Final Rule will become effective well before the District Court has the opportunity to resolve the merits of the pending challenges to the Final Rule.  Absent the Court

Secretary Jewell and Director Kornze
December 2, 2016
Page 2

granting preliminary injunctive relief—which has been requested by Wyoming and Montana, and will be separately requested by North Dakota on or before December 5, 2016—this schedule will cause immediate and irreparable harm to the State Petitioners.

The Final Rule will impair the State Petitioners' sovereign interests by impeding or replacing their right to primacy of administration and enforcement of their lawful oil and gas and air quality regulatory programs. The Final Rule explicitly asserts BLM regulatory authority over "State or private tracts in a federally approved unit or communitization agreement." 81 Fed. Reg. at 83,079. In doing so, the Final Rule suddenly places vast stretches of state and private minerals under federal regulatory authority, thereby unlawfully displacing traditional state regulatory authority over non-federal lands and minerals.

The Final Rule adversely impacts the State Petitioners' sovereign abilities to administer their effective air quality control programs. The State Petitioners' statutory authority cannot be revoked (or diminished) by the Final Rule because the BLM is a federal agency with no statutory or other legal authority to do so. The regulation of air quality is solely within the purview of U.S. Environmental Protection Agency and the states under authority granted by Congress in the federal Clean Air Act, 42 U.S.C. §§ 7401–7671q.

The Final Rule also contains many provisions that are duplicative of the State Petitioners' various oil and gas regulations. This duplication will require operators to obtain permits from both the states and the BLM to operate oil and gas production facilities, which will introduce additional delay, costs, and uncertainty into the process. The Final Rule's provision allowing an operator to obtain a variance when state regulations are equal or more protective than BLM's does not mitigate these harms, and there is no assurance that any such variances will be granted, or on what terms. The end result runs roughshod over the State Petitioners' successful waste prevention programs, which were developed carefully and over the course of decades based on each state's own circumstances and expertise.

Given the gravity of constitutional and statutory issues implicated by the State Petitioners' claims—and to avoid these hardships—the U.S. District Court should be granted an opportunity to resolve the pending challenges to the Final Rule. We ask that you immediately act to extend the effective date of the Final Rule by at least 9 months. A federal regulation of this scope and significance demands a thorough judicial review before imposing costly and disruptive burdens on the State Petitioners and their citizens.

Secretary Jewell and Director Kornze
December 2, 2016
Page 3


Please contact Liz Brocker in the North Dakota Attorney General's Office at (701) 328-2213 if you have any questions or wish to arrange further discussions with respect to this letter.

Sincerely,

*Wayne Stenehjem*

Wayne Stenehjem
North Dakota Attorney General


*Peter K. Michael*

Peter K. Michael
Wyoming Attorney General


*Tim Fox*

Tim Fox
Montana Attorney General