Wayne Stenehjem (admitted *pro hac vice*)
ATTORNEY GENERAL OF THE STATE OF
NORTH DAKOTA
500 N. 9th Street Bismarck, ND 58501
Phone: (701) 328-2925
Email: ndag@nd.gov

Paul M. Seby (admitted *pro hac vice*)
Special Assistant Attorney General
Greenberg Traurig, LLP
1144 15th Street, Suite 3300
Denver, CO 80202
Phone: (303) 572-6584
Email: sebyp@gtlaw.com

Robert J. Walker (Wyo. Bar No. 7-4715)
Hickey & Evans, LLP
1800 Carey Street, Suite 700
Cheyenne, WY 82003
Phone: (307) 634-1525
Fax: (307) 638-7335
Email: rwalker@hickeyevans.com

*Counsel for Petitioner-Intervenor State of North Dakota*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| STATE OF WYOMING, <br> STATE OF MONTANA, <br> STATE OF NORTH DAKOTA, and <br> STATE OF TEXAS <br> <br>     Petitioners, <br> <br> v. <br> <br> UNITED STATES DEPARTMENT OF <br> THE INTERIOR, *et al.* <br> <br>     Respondents, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br> <br> <br> <br> <br> <br> <br> <br> Case No. 16-cv-00285-SWS |

**STATE OF NORTH DAKOTA'S, STATE OF TEXAS', STATE OF WYOMING'S, AND STATE OF MONTANA'S MEMORANDUM IN SUPPORT OF JOINT NOTICE OF RESOLUTION OF RELATED LITIGATION AND MOTION TO LIFT STAY**

### INTRODUCTION

Petitioners and Petitioner-Intervenors the States of North Dakota, Texas, Wyoming and Montana (collectively "State Petitioners") respectfully notify this Court that on July 15, 2020 the Federal District Court for the Northern District of California vacated the Bureau of Land Management's ("BLM") Waste Prevention, Production Subject to Royalties, and Resource Conservation; Rescission or Revision of Certain Requirements: Final Rule, 83 Fed. Reg. 49,184 (September 28, 2018) ("2018 Rule"). *See State of Cal. Et al v. Zinke et al,* N.D. Cal, No. 4:18-cv-05712-YGR (the "California Litigation"). The Court issued an Order vacating the 2018 Rule and reinstating the rule entitled "Waste Prevention, Production Subject to Royalties, and Resource Conservation: Final Rule," 81 Fed. Reg. 83,008 (November 18, 2016) ("2016 Venting and Flaring Rule") that is being challenged in this Court, but stayed the effect of the Order for 90 days to permit parties time to return to this Court. *See State of Cal. Et al.,* ECF No. 177, Order: (1) Granting Plaintiffs' Motions for Summary Judgment; and (2) Denying Defendants' Motions for Summary Judgment, ECF. No. 177 (July 15, 2020) ("Vacatur Order") (Attached as Exhibit A, hereto). Based on this outcome from the California Litigation, State Petitioners respectfully request this Court to lift the stay of this litigation challenging the 2016 Venting and Flaring Rule and initiate the process to decide this case on the merits.

When seeking the current stay of this Litigation, State Petitioners averred to this Court that they would suffer immediate harm if the 2016 Venting and Flaring Rule were reinstated, noting that "State Petitioners would be subject to immediate and irreparable harm by full and immediate implementation of the 2016 Waste Prevention Rule, magnified by immediate implementation of

significant provisions originally meant to be phased-in over time." State of North Dakota's, State of Texas', State of Wyoming's, and State of Montana's Memorandum in Support of Response to This Court's June 11, 2019 Minute Order and Joint Motion For a Stay Pending Resolution 0f Related Litigation, ECF No. 252 (June 28, 2019) ("Stay Motion").  State Petitioners are now facing that harm, as a 90-day clock is running on the California Vacatur Order vacating the 2018 Rule and reinstating the 2016 Venting and Flaring Rule.

State Petitioners therefore respectfully move that this Court lift its Stay of these proceedings challenging the 2016 Venting and Flaring Rule, order that the parties confer and submit a proposed schedule for expedited supplemental briefing, and proceed expeditiously to a decision on the merits.

**FACTS**

1.     On November 18, 2016, BLM promulgated the 2016 Venting and Flaring Rule that applies to oil and gas developments on federal and Indian lands and mineral interests. It prohibits the venting of natural gas by oil and gas operators except in limited situations and requires that operators capture a certain percentage of the gas they produce each month.  81 Fed. Reg. at 83,023-24; 43 C.F.R. §§ 3179.6-.7.  The Rule also requires that operators inspect equipment for leaks and update equipment that contributes to the loss of natural gas during oil and gas production. 81 Fed. Reg. at 83,011, 83,022; 43 C.F.R. §§ 3179.301-.304, 3179.201-.204.

2.     The 2016 Venting and Flaring Rule became effective in January 2017, but included compliance dates for certain requirements over several years.  *See id*. at 83,008, 83,023-25.

3.     Two groups of plaintiffs challenged the regulation in this Court: (1) the States of Wyoming and Montana; and (2) the Western Energy Alliance ("WEA") and the Independent Petroleum Association of America ("IPAA").  Their petitions for review were consolidated in this Court.  The States of North Dakota and Texas intervened as petitioners, and the States of California

3

and New Mexico intervened as respondents. Numerous environmental groups also intervened as respondents.

4. On December 29, 2017, this Court stayed this litigation, largely at the request of BLM, in light of BLM's efforts to replace the 2016 Venting and Flaring Rule. ECF No. 189.

5. By March 23, 2018, all of the merits briefs had been filed in this case with the exception of a response brief from BLM .

6. BLM released a prepublication version of the 2018 Rule on September 18, 2018, which was published in the *Federal Register* on September 28, 2018. 83 Fed. Reg. 49,184. The 2018 Rule became effective on November 27, 2018.

7. On September 18, 2018 California filed a complaint challenging BLM's 2018 Rule in the Northern District of California, and Wyoming, the WEA, and IPAA successfully moved to intervene. *State of Cal. et al v. Zinke et al,* N.D. Cal, No. 4:18-cv-05712-YGR, ECF Nos. 1, 5 and 41.

8. On June 28, 2019, State Petitioners filed their Stay Motion with this Court, requesting a stay of this litigation pending resolution of the California Litigation. ECF No. 246.

9. On August 23, 2019 this Court granted State Petitioners' Stay Motion and stayed this case "pending resolution of the litigation in the Northern District of California challenging the legality of the [2018 Rule]." ECF No. 256, at 16 ("Stay Order").

10. On July 15, 2020, the Court in the California Litigation issued the Vacatur Order (1) vacating the 2018 Rule and reinstating the 2016 Venting and Flaring Rule; and (2) staying the Order for 90 days to permit parties time to return to this Court to address the pending challenge to the 2016 Venting and Flaring Rule. *State of Cal. Et al.,* ECF No. 177 (July 15, 2020)

**ARGUMENT**

I.  **THIS CASE PRESENTS A LIVE CONTROVERSY AND THE STAY SHOULD BE LIFTED**

The California Litigation has vacated the 2018 Rule and reinstated (with a 90-day delay) the 2016 Venting and Flaring Rule that is before this Court.  In its Stay Order, this Court found that this consolidated case "continue[s] to present live controversies and, accordingly, [is] not moot.  ECF No. 256, at 15.  In making this finding, this Court noted that the scope of State Petitioners' challenges to the 2016 Venting and Flaring Rule were "dependent on the outcome of the litigation over the [2018] Rule," and that because the California Litigation sought "to reinstate the [2016 Venting and Flaring Rule] in its entirety, it is fair to say those actions are inextricably intertwined with the cases before this Court and with the ultimate rules to be enforced." *Id.* at 14.  This Court further acknowledged that not staying this case in the event the 2016 Venting and Flaring Rule should be reinstated "would result in loss of the significant progress and efforts to date in this action." *Id.* at 15.

The California Litigation has now been resolved.  On July 15, 2020, the California Court found in its Vacatur Order "that VACATUR of the [2018 Rule] is the appropriate remedy and shall be applied prospectively." *State of Cal. Et al.,* ECF No. 177, at 55.  The Vacatur Order further notes that the current status of the 2016 Venting and Flaring Rule, including this case, "does not warrant a remand without vacatur," and that the "status quo ante" is to return to "the confines of the [2016 Venting and Flaring] Rule." *Id.* at 54.

However, the California Court stayed the vacatur for 90 days to "to permit the parties to return to the District of Wyoming in a timely manner that would minimize the expenditure of resources." *Id.* at 55.  The Vacatur Order further directs that if the parties to the California Litigation do not revive this instant case, "BLM shall within thirty (30) days of [the Vacatur Order]

5

provide the Court with a report detailing the anticipated compliance process" of reviving the 2016 Venting and Flaring Rule. *Id.* at 56. Thus, the 2016 Venting and Flaring Rule is slated to return as the law of the land on October 13, 2020 per the Vacatur Order.

This case again presents a live controversy for resolution, and this Court should complete its review of the 2016 Venting and Flaring Rule. The State Petitioners request that this case be considered and decided on an expedited basis, since the 2016 Venting and Flaring Rule will be in effect in under 90 days, causing harm to State Petitioners. This matter is well-suited to expeditious consideration: briefing of the merits of the State Petitioners' challenges to the 2016 Venting and Flaring Rule are fully briefed in front of this Court with the exception of a response brief from BLM and any supplemental briefing that may be required.

## CONCLUSION

For the reasons stated in above, State Petitioners respectfully move this Court to GRANT State Petitioners' Motion to Lift Stay of these proceedings and Order that:

1. The Court's August 23, 2019 stay of these proceedings is lifted; and

2. All parties to this case shall confer on and submit to this Court a proposed expedited merits briefing schedule, including any supplemental briefing, within seven (7) days.

Respectfully submitted this 20th day of July 2020.

        Wayne Stenehjem (admitted *pro hac vice*)
        ATTORNEY GENERAL OF THE STATE OF
        NORTH DAKOTA
        500 N. 9th Street Bismarck, ND 58501
        Phone: (701) 328-2925
        Email: ndag@nd.gov

        */s/ Paul M. Seby*
        Paul M. Seby (admitted *pro hac vice*)
        Special Assistant Attorney General
        Greenberg Traurig, LLP
        1200 17th Street, Suite 2400
        Denver, CO 80202

Phone: (303) 572-6584
Fax: (303) 572-6540
Email: sebyp@gtlaw.com

Robert J. Walker (Wyo. Bar No. 7-4715)
Hickey & Evans, LLP
1800 Carey Street, Suite 700
Cheyenne, WY 82003
Phone: (307) 634-1525
Fax: (307) 638-7335
Email: rwalker@hickeyevans.com

**COUNSEL FOR PETITIONER-INTERVENOR STATE OF NORTH DAKOTA**

Ken Paxton
ATTORNEY GENERAL OF TEXAS
DAVID J. HACKER (admitted *pro hac vice*)
Special Counsel for Civil Litigation
OFFICE OF THE ATTORNEY GENERAL
PO Box 12548
Mail Code 001
Austin, TX 78711-2548
512/936-1414
Email: david.hacker@oag.texas.gov

Daniel B Frank
FRANK LAW OFFICE
519 East 18th Street
Cheyenne, WY 82001
307/432-0520
Fax: 307-274-4502
Email: frank@tribcsp.com

**COUNSEL FOR PETITIONER-INTERVENOR STATE OF TEXAS**

Bridget Hill
ATTORNEY GENERAL OF WYOMING
James Kaste, WSB No. 6-3244
Deputy Attorney General
WYOMING ATTORNEY GENERAL'S OFFICE
2320 Capitol Avenue
Cheyenne, WY 82002
Phone: (307) 777-6946
Fax: (307) 777-3542
Email: james.kaste@wyo.gov

Email: erik.petersen@wyo.gov

**COUNSEL FOR PETITIONER STATE OF WYOMING**

Timothy C Fox (admitted *pro hac vice*)
ATTORNEY GENERAL OF MONTANA
215 North Sanders
PO Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
Email: timfox@mt.gov

Melissa Schlichting (admitted *pro hac vice*)
DEPUTY ATTORNEY GENERAL
215 North Sanders
PO Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
Fax: 406-444-3549
Email: mschlichting@mt.gov

Brandon Lee Jensen
BUDD-FALEN LAW OFFICES
300 East 18th Street
P O Box 346
Cheyenne, WY 82003
307/632-5105
Fax: 307-637-3891
Email: brandon@buddfalen.com

**COUNSEL FOR PETITIONER STATE OF MONTANA**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 20th day of July 2020, a true and correct copy of this pleading and was filed with the Clerk of the Court using CM/ECF system, which will send notification of this filing to the attorneys of record.

/s/ *Paul M. Seby*